IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA, | No. C 05-02213 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 27] |
| BLOSADA, et al., | |
| Defendants. | |

This matter comes before the Court on Defendants Maersk, Inc. and Maersk Lines, Ltd.'s Motion to Dismiss [Docket No. 27]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS IN PART AND DENIES IN PART Defendants Maersk, Inc. and Maersk Lines, Ltd.'s Motion to Dismiss [Docket No. 27].

**BACKGROUND**

**A.    Factual Background[1]**

    **1.    Parties**

Defendant Maersk, Inc. ("Maersk, Inc.") is an oceangoing shipping company and an agent for

---

[1] The following facts have been taken from Plaintiff's Amended Complaint. The Court notes that both Plaintiff and the moving defendants have attempted to supplement the factual allegations contained in the Amended Complaint by submitting additional evidence and testimony through declarations. However, since the Amended Complaint is before the Court on a 12(b)(6) motion, the Court's analysis is limited to the allegations that are actually contained in the Amended Complaint and any exhibits that have been incorporated by reference. *See* Fed. R. Civ. P. 12(b)(6). The Court may *not* consider additional allegations or evidence without converting the motion into a motion for summary judgment. *Id.* Accordingly, the Court has not considered the Declaration of Michael Hopkins, the Supplemental Declaration of Michael Hopkins, the Declaration of Massoud Messkoub, the Declaration of Aogu Andrew Tsukamoto, the Declaration of Raimi Shoaga, or the exhibits attached to the Opposition of Raimi Shoaga.

maritime cargo shipping services, with cargo forwarding facilities in Oakland, California. Amended Complaint ("AC") at 2:8-10. Defendant Maersk Lines, Ltd. ("Maersk Lines") is similarly an oceangoing shipping company and agent for maritime cargo shipping services, with cargo forwarding facilities in Oakland, California. *Id.* at 2:12-14. Maersk Nigeria, Ltd. ("Maersk Nigeria") and Blosada are also named as defendants, but neither has joined the instant motion. Both Maersk Nigeria and Blosada are located in Lagos, Nigeria. *Id.* at 2:5-6, 2:16-17. Plaintiff Raimi Shoaga ("Plaintiff") is an individual and resident of the city of Oakland, California. *Id.* at 2:2-3.

### 2. Allegations

According to Plaintiff, on or about January 29, 2004, Plaintiff entered into a pre-paid shipping agreement with both Maersk, Inc. and Maersk Lines, wherein it was agreed that in exchange for $5,100, Maersk, Inc. and Maersk Lines would provide Plaintiff with cargo shipping and demurrage services to Lagos, Nigeria in connection with the delivery of a shipping container supplied by Defendants and filled with Plaintiff's personal effects. *Id.* at 2:19-3:1.[2] Pursuant to this contract, the container was to be released by the Federal Government of Nigeria. *Id.* at 2:27-3:3. The alleged contract also provided that the Federal Government of Nigeria would have, after inspection, the sole responsibility for the release of Plaintiff's cargo. *Id.*

The container arrived in Lagos in August 2004. *Id.* at 2:27-3:1. However, from August 2004 to January 2005, the cargo was not released. *Id.* at 3:5-6. In January of 2005, Plaintiff visited Nigeria and was informed that he owed an outstanding balance for additional shipping and demurrage charges of more than $10,000 and that the defendants would not release the container to Plaintiff until such charges were paid. *Id.* at 3:8-15. Plaintiff subsequently attempted to receive an explanation justifying the additional charges, but never received such explanation. *Id.* at 3:17-19. In April 2005, Plaintiff was informed by defendants Blosada and Maersk Nigeria that Plaintiff was liable to all of the defendants for

---

[2]The alleged contract between Plaintiff and Maersk, Inc. and Maersk Lines is not attached to Plaintiff's Amended Complaint. However, Plaintiff has attached the Bill of Lading, which appears to have been issued by a company named Target Shipping, Inc. *Id.* at Ex. 5. The Bill of Lading indicates that the "Release Agent" is Maersk Nigeria.

the additional charges. *Id.* at 3:21-23.[3]

Plaintiff contends that, during the relevant period, each of the defendants knowingly made certain unspecified false statements to him and that these statements were made with the intention of inducing Plaintiff to pay $5,100 in shipping charges. *Id.* at 4:13-23.

### B. Procedural Background

On June 1, 2005, Plaintiff filed a Complaint in *propria persona* on behalf of himself and three other individuals. The Complaint named as defendants a person known as "Bolsada," an entity referred to as "Maersk Sealand Shipping Worldwide dba Maersk," Target Shipping, Inc., and Maersk Nig. Ltd. From the Complaint, it appeared that Bolsada and Maersk Nig. Ltd. were foreign entities or persons located in Nigeria. Plaintiff's Complaint alleged causes of action for "extortion," breach of contract of carriage, "illegal revenue enhancement," fraudulent misrepresentation, intentional and negligent misrepresentation, "corruption," and illegal demurrage charges. Plaintiff also alleged that federal jurisdiction was premised on admiralty and maritime jurisdiction, pursuant to 28 U.S.C. § 1333.

On September 6, 2005, Plaintiff filed a motion for entry of default as to defendants Bolsada, Maersk Nig. Ltd., and Maersk Sealand Shipping Worldwide. Additionally, Plaintiff moved for entry of default against Maersk Lines, Ltd. Also on September 6, 2005, Plaintiff voluntarily dismissed defendant Target Shipping, Inc.

On September 19, 2005, the Clerk of Court declined to enter default against defendants Bolsada and Maersk Nig. Ltd. The Clerk also declined to enter default against Maersk Lines, Ltd.

On September 22, 2005, Maersk, Inc. and Maersk Lines, Ltd. specially appeared in the action by filing a Separate Case Management Conference Statement and Motion for Sanctions ("Motion for Sanctions"). In the Motion for Sanctions, Maersk, Inc. and Maersk Lines, Ltd. informed the Court that "Maersk Sealand Shipping Worldwide" was a non-existent entity and that Plaintiff had attempted to serve process on Maersk, Inc. and Maersk Lines, Ltd., despite the fact that the companies were not actually named as defendants in Plaintiff's Complaint.

---

[3] Although it is not entirely clear, it appears that Plaintiff received certain invoices detailing the charges. *See id.* at Exs. 3-4. These invoices appear to have been prepared by an entity known as "Maersk Sealand." *Id.*

3

On September 29, 2005, Plaintiff filed an Opposition to Maersk, Inc. and Maersk Lines, Ltd.'s Motion for Sanctions.

On October 5, 2005, the Court issued an Order denying the Motion for Sanctions. The Court also struck reference to the three other "plaintiffs" on whose behalf Plaintiff had brought the suit. Additionally, Plaintiff was explicitly instructed to file proofs of service with the Court demonstrating that the defendants named in the Complaint had been properly served pursuant to Federal Rule of Civil Procedure 4 on or before October 19, 2005.

On October 14, 2005, Plaintiff filed the instant Amended Complaint in *propria persona* on behalf of himself and against defendants "Blosada," Maersk, Inc., Maersk Lines, Ltd., and Maersk Nig. Ltd. The Amended Complaint alleges three causes of action for: (1) breach of contract; (2) violations of 18 U.S.C. § 1951(b)(2)[4] and 18 U.S.C. § 201;[5] and (3) fraud. Plaintiff contends that federal jurisdiction is premised on admiralty and maritime jurisdiction, pursuant to 28 U.S.C. § 1333(1) and 46 U.S.C. § 740.

On November 3, 2005, defendants Maersk, Inc. and Maersk Lines, Ltd. filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Defendants Blosada and Maersk Nigeria have not yet appeared in this action.

## **LEGAL STANDARD**

**A.     Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if it appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest and Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

---

[4] 18 U.S.C. § 1951 is entitled "Interference with commerce by threats or violence."

[5] 18 U.S.C. § 201 is entitled "Bribery of public officials and witnesses."

4

When a plaintiff attaches exhibits to the complaint, those exhibits may be considered as part of the pleadings. *Cooper v. Bell*, 628 F.2d 1208, 1210 n. 2 (9th Cir. 1980).

The court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."), *as amended by*, 275 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.")).

When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 ( 9th Cir. 1989). Of these factors, prejudice to the opposing party is the most important. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research*, *Inc.*, 401 U.S. 321, 330-31 (1971)). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.    Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) provides as follows:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed. R. Civ. P. 9(b).

5

"[The Ninth Circuit] has interpreted Rule 9(b) to require that 'allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)).  "The pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Semegen*, 780 F.2d at 731).

## ANALYSIS

### I.   Maersk, Inc. and Maersk Lines' Motion to Dismiss

In the instant Motion to Dismiss, Defendants Maersk, Inc. and Maersk Lines (hereinafter referred to as the "Moving Defendants") have moved to dismiss Plaintiff's Amended Complaint on the grounds that: (1) Plaintiff's first cause of action fails to state a claim against the Moving Defendants because Maersk, Inc. and Maersk Lines never entered into a contract with Plaintiff; (2) Plaintiff has not stated a claim for bribery or extortion and may not prosecute alleged violations of those criminal statutes as a private citizen; and (3) Plaintiff has not plead fraud with the requisite specificity.[6]

#### A.   Plaintiff's First Cause of Action for Breach of Contract

In support of his first cause of action, Plaintiff claims that he entered into a pre-paid shipping agreement with the Moving Defendants to deliver cargo from Oakland, California to Lagos, Nigeria. In support of these allegations, Plaintiff has attached to his Amended Complaint a Bill of Lading, which functions as a contract in the shipping industry.  The Bill of Lading appears to be a contract between Target Shipping, Inc. and Plaintiff.  There is no reference to either Maersk, Inc. or Maersk Lines on the Bill of Lading.

Accordingly, the Moving Defendants argue that Plaintiff's cause of action for breach of contract must be dismissed because the Bill of Lading does not show that either Maersk, Inc. or Maersk Lines

---

[6]The Moving Defendants also assert that Plaintiff's Opposition was filed late and should therefore be disregarded by this Court.  The Court hereby admonishes Plaintiff for filing an untimely Opposition, and therefore failing to comply with the Civil Local Rules.  However, the Court notes that the Moving Defendants have not been unduly prejudiced by Plaintiff's late filing.  In fact, it appears that the Moving Defendants had an adequate amount of time to review and respond to Plaintiff's Opposition. Accordingly, the Court declines to strike Plaintiff's Opposition.

ever directly entered into an agreement with Plaintiff. However, the fact that Plaintiff contracted with Target Shipping, Inc. to arrange for the transport of his cargo does not necessarily prove, as a matter of law, that the Moving Defendants were not also parties to the transaction. For example, it appears that Target Shipping, Inc. may be a non-vessel operating common carrier ("NVOCC"), which acts as an intermediary between shippers and vessel operators to arrange for the consolidation of small shipments into larger ones. *See* 1 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 609 (4th ed. 2001); *see also National Customs Brokers & Forwarders Ass'n of America, Inc. v. U.S.,* 883 F.2d 93, 101 (D.C. Cir. 1989) (citing 46 U.S.C. § 1702(17)) ("The Shipping Act of 1984 recognized the NVOCC as a legal entity with the status of 'a shipper in its relationship with an ocean common carrier but the status of a carrier in its relationship with exporter customers.'"). It is therefore possible that Target Shipping, Inc. entered into an agreement with the Moving Defendants on behalf of Plaintiff for the shipment of his goods. If this were indeed the structure of the relationship, then it is possible that the Moving Defendants could be liable to Plaintiff for breach of contract.[7]

The Moving Defendants also argue that they are not liable under Plaintiff's breach of contract theory because the instant dispute arose in Nigeria and solely concerns Maersk Nigeria, which is a separate entity. The Court agrees that it appears that Plaintiff is alleging that the dispute arose after the unloading of the cargo in Lagos. However, at this stage in the litigation, the Court has no basis to conclude that the Moving Defendant's alleged contractual liability ended after the unloading of the cargo at the port. For example, sea carriers generally contract with a stevedore company to load and unload freighters at port. *See* SCHOENBAUM, *supra*, at 610. However, the contract of carriage may continue to govern the relationship between the shipper and the carrier after the discharge but before the delivery of the cargo to the consignee. *Id.*; *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800, 807 (2d Cir. 1971). Thus, it is possible for a shipping contract with a carrier to continue to have effect after the cargo

---

[7]The Court finds it important to note that this not a finding by the Court that Plaintiff has shown such facts to be true or applicable. However, since Plaintiff is *pro per,* the Court must construe his pleadings liberally. Further, on a 12(b)(6) motion to dismiss, all reasonable inferences are to be drawn in Plaintiff's favor. *Jacobson*, 105 F.3d at 1296.

7

is unloaded, even when the dispute arises from subsequent actions of the stevedore company.[8]

Given the standard that this Court must apply on a 12(b)(6) motion to dismiss, the Moving Defendants' arguments against Plaintiff's breach of contract claim are therefore insufficient to warrant dismissal of his claim. Plaintiff has specifically alleged that the Moving Defendants entered into a contract with him for the transport of his goods and subsequently breached that agreement. When the Court construes these allegations in the light most favorable to Plaintiff, Plaintiff's allegations are sufficient to state a claim. Accordingly, the Moving Defendants' Motion to Dismiss Plaintiff's first cause of action is DENIED.

### B.    Plaintiff's Second Cause of Action for Extortion and Bribery

The Moving Defendants have also moved for dismissal of Plaintiff's second cause of action on the grounds that Plaintiff has failed to state a claim for either extortion or bribery and on the alternative grounds that the statutes cited in Plaintiff's second cause of action are criminal and do not provide Plaintiff with a private right of action.

#### 1.    Extortion Claim

Plaintiff's second cause of action is premised in part on 18 U.S.C. § 1951(b)(2). This statute reads in pertinent part:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
> (b) As used in this section–
>     . . .
>     (2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.
>     (3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other

---

[8] Again, this not a finding by the Court that Plaintiff has shown such facts to be true or applicable.

commerce over which the United States has jurisdiction.

18 U.S.C.A § 1951.

As an initial matter, the Moving Defendants argue that Plaintiff's dispute over the release of his cargo is actually with the Federal Government of Nigeria. In support of this, the Moving Defendants refer the Court to the portion of Plaintiff's Amended Complaint wherein he admits that the Federal Government of Nigeria had sole responsibility for the inspection of, and release of, his cargo. However, the Amended Complaint also states that Maersk, Inc. and Maersk Lines were responsible for failing to release Plaintiff's cargo from August 2004 to January 2005. AC at 3:5-6. Thus, even with this apparent contradiction, the Amended Complaint could still be reasonably interpreted as asserting that the Moving Defendants were required to release the cargo to the Federal Government of Nigeria before the cargo could be released to the owner. However, the statute also requires that Plaintiff plead and prove that the defendants interfered with his cargo by robbery, extortion, or through the commission or threat of physical violence. Plaintiff's Amended Complaint does not state any such facts. Accordingly, he has not stated a claim under 18 U.S.C.A § 1951.

More importantly, however, Plaintiff cannot proceed on this claim because no private right of action exists under 18 U.S.C. § 1951, which is a criminal statute. *See Wisdom v. First Midwest Bank*, 167 F.3d 402, 407 (8th Cir. 1999) (citing *Thompson v. Thompson*, 484 U.S. 174, 179 (1998)) ("We agree that neither the statutory language of 18 U.S.C. § 1951 nor its legislative history reflect an intent by Congress to create a private right of action."). The Court finds that no factual pleading by Plaintiff could cure this deficiency. As such, Plaintiff's claim under 18 U.S.C. § 1951 is DISMISSED WITH PREJUDICE.

### 2. Bribery Claim

Plaintiff's second cause of action is also brought under 18 U.S.C. § 201. This statute reads in pertinent part:

> (a) For the purpose of this section--
> (1) the term "public official" means Member of Congress, Delegate, or Resident Commissioner . . . or an officer or employee or person acting for or on behalf of the *United States* . . . in any official function, under or by authority of any such department, agency, or branch of Government, or a juror;

9

> ...
>
>> (3) the term "official act" means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit.
>
> (b) Whoever--
>
>> (1) directly or indirectly, corruptly gives, offers or promises anything of value to any public official . . . or offers or promises any public official . . . to give anything of value to any other person or entity, with intent--
>>
>>> (A) to influence any official act; or
>>>
>>> (B) to influence such public official . . . to commit or aid in committing, or collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or
>>>
>>> (C) to induce such public official . . . to do or omit to do any act in violation of the lawful duty of such official or person[.]

18 U.S.C. § 201 (emphasis added).

As the Moving Defendants point out, the Amended Complaint does not contain any facts that would trigger liability under this statute. In fact, the Amended Complaint merely states, without any factual support, that a violation of 18 U.S.C. § 201 has been committed. There is no accusation that anything was offered or given to anyone in return for any influence. Moreover, Plaintiff has failed to show how any United States official was involved, or could possibly have been involved, in the alleged criminal activities, as required by the statute.

Additionally, like 18 U.S.C. § 1951, 18 U.S.C. § 201 is a criminal statute and does not provide Plaintiff with a private right of action. *See Ray v. Proxmire*, 581 F.2d 998, 1101 (D.C. Cir. 1978), *cert. denied*, 439 U.S. 933 (1978) ("[T]his legislation 'is a bare criminal statute with absolutely no indication that civil enforcement of any kind was available to anyone.' . . . [A]ppellant has no privately-enforceable right under this penal provision."); *accord City of San Francisco v. United States*, 443 F. Supp. 1116, 1129 (N.D. Cal. 1977). Because the Court finds that no factual pleading by Plaintiff could cure this deficiency, Plaintiff's claim under 18 U.S.C. § 201 is DISMISSED WITH PREJUDICE. The Moving Defendants' Motion to Dismiss Plaintiff's second cause of action is therefore GRANTED.

### C. Plaintiff's Third Cause of Action for Fraud

Last, the Moving Defendants argue that Plaintiff's third cause of action must be dismissed because Plaintiff has failed to comply with the more stringent pleading requirements of Federal Rule of Civil Procedure 9(b).

The Moving Defendants are correct that the Rule 9(b) pleading requirements are applicable to Plaintiff's cause of action for fraud. Applying the Rule 9(b) pleading standard, it is quite apparent that the Amended Complaint falls considerably short of its requirements. For example, Plaintiff does not provide any specifics as to when, where, or how the alleged fraudulent acts took place. Instead, he merely makes conclusory statements that the defendants knowingly made false statements and induced him to rely on these statements. The Moving Defendants cannot possibly be expected to adequately defend against such broad and unparticularized assertions. Under the standards mandated by Rule 9(b), more specificity is clearly required.

Plaintiff also fails to "plead with sufficient particularity attribution of the alleged misrepresentations or omissions to *each* defendant . . . to 'distinguish among those [being sued to] enlighten each defendant as to his or her part in the alleged fraud.'" *In Re Silicon Graphics*, 970 F.Supp. 746, 752 (N.D. Cal. 1997) (quoting *Erickson v. Kiddie*, 1986 WL 544, *7 (N.D. Cal 1986)) (emphasis added). In fact, Plaintiff has made absolutely no effort to distinguish between defendant Maersk, Inc.'s and Maersk Lines' contributions to the alleged fraudulent behavior.

Accordingly, the Court GRANTS the Moving Defendants' Motion to Dismiss Plaintiff's third cause of action. However, since it is conceivable that Plaintiff could cure the deficiencies in his Amended Complaint by sufficiently pleading the particular facts necessary to satisfy the Rule 9(b) requirements, Plaintiff is granted LEAVE TO AMEND his Amended Complaint.

### II. The Defendants Who Have Not Filed a Motion to Dismiss

As a final matter, although the Court notes that defendants Blosada and Maersk Nigeria have not filed a motion to dismiss or any responsive pleading or document in this action, the Court finds it necessary to raise the question of personal jurisdiction *sua sponte*. *See, e.g., Burleson v. Toback*, 391 F. Supp. 2d 401, 422 (M.D.N.C. 2005) (citing *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir.2001)). Raising this issue *sua sponte* is necessary and appropriate when the

11

allegations in a complaint do not establish a basis for the court's exercise of personal jurisdiction. *Id.* Here, Plaintiff admits in his Amended Complaint that Blosada resides in Lagos, Nigeria and that Maersk Nigeria is an entity located in Lagos, Nigeria. *See* AC at 2:5-6, 2:16-17.  Further, the Amended Complaint does not state that Blosada or Maersk Nigeria committed any acts outside of Nigeria. *See id.* at 3:8-23.[9]  As such, the question of whether this Court may exercise personal jurisdiction over Blosada and Maersk Nigeria is squarely presented.

Personal jurisdiction can be asserted over a foreign defendant only if permitted by California's long-arm statute and if doing so will not violate federal due process. *See Fireman's Fund Ins. Co. v. National Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir.1996).  Thus, in order to establish personal jurisdiction, Plaintiff must demonstrate "that the forum state's jurisdictional statute confers personal jurisdiction, and that the exercise of jurisdiction accords with federal constitutional principles of due process." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir.1990), *rev'd on other grounds*, 499 U.S. 585 (1991). Here, California's long arm statute provides that the court can exercise jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc. § 410.10.  Therefore, it is only necessary to analyze whether the assertion of jurisdiction comports with due process under the U.S. Constitution. *See Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir.1981).

Under the jurisdictional test enunciated in *International Shoe v. Washington*, 326 U.S. 310, (1945), "due process require[s] that non-resident defendants have certain minimum contacts with the

---

[9]Further, it does not appear that Plaintiff has effectively served Blosada or Maersk Nigeria pursuant to the standards set forth in Federal Rule of Civil Procedure 4(f).  In fact, it appears that Plaintiff has merely "served" these defendants by mailing a copy of the summons and Amended Complaint to an address in Nigeria.  The postal cards attached to Plaintiff's proofs of service do not indicate that the mail was ever received by a Nigerian post office, much less by the actual defendants. This also warrants dismissal of these two defendants.  The Court cannot exercise personal jurisdiction over a defendant unless there has been proper service over a defendant pursuant to Federal Rule of Civil Procedure 4. *Direct Mail Specialists v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir.1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982)). Without substantial compliance with Rule 4, it is irrelevant whether a defendant has notice of a plaintiff's claims. *Id.*  Here, not only does Plaintiff's method of service fail to comport with Rule 4(f)(2)(C)(ii), but it does not appear that service by mail is even allowed in Nigeria. *See Zhu v. First Atlantic* Bank, 2005 WL 2757536 (S.D.N.Y. 2005) ("We are satisfied that Nigerian law . . . prohibit[s] service of process by mail[.]").

forum state, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* The factors to be balanced when considering whether the exercise of jurisdiction would comport with "fair play and substantial justice" are: (1) the extent of the defendant's purposeful interjection within the forum state; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *See Burger King v. Rudzewicz*, 471 U.S. 464, 476 (1985).

There are two types of personal jurisdiction: general and specific. *Reebok International, Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1997), *cert. denied*, 516 U.S. 908 (1995). The presence of either general or specific jurisdiction will sustain the exercise of personal jurisdiction over a defendant. *Rano v. SIPA Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993). If the court has "general jurisdiction" over the defendant, it may "hear cases unrelated to the defendant's forum-related activities." *Shute*, 897 F.2d at 380. However, general jurisdiction exists only when it is established that the defendant has "continuous and systematic contacts with the forum [such] that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* The Supreme Court and the Ninth Circuit have indicated that the necessary contacts to establish general jurisdiction are quite high. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984).

If the defendant's contacts are not sufficient to establish general jurisdiction, then "a court may nevertheless assert jurisdiction for a cause of action arising out of the defendant's activities *within* the forum." *Shute*, 897 F.2d at 381 (emphasis added). This type of jurisdiction is referred to as "specific" or "limited" jurisdiction. *Id.* In order to establish "specific jurisdiction" over a non-resident defendant, the defendant must have done some act by which he purposefully availed himself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws. *Id.* Further, the claim must arise out of the defendant's forum related activities. *Id.*

Based on the standards set forth above, the Court concludes that the allegations in the Amended Complaint do not sufficiently establish that this Court has either general or specific personal jurisdiction over Blosada or Maersk Nigeria. Accordingly, Blosada and Maersk Nigeria are hereby DISMISSED

13

from the lawsuit. However, although the Court is doubtful that Plaintiff will be able to effectively demonstrate that the exercise of jurisdiction over these defendants would comport with the notions of "fair play and substantial justice," the Court recognizes that it may not dismiss these defendants from the lawsuit without prejudice until Plaintiff has been afforded "a reasonable opportunity to present any available evidence supporting the Court's jurisdiction." *System Pipe & Supply*, 242 F.3d at 325; *Burleson*, 391 F. Supp. 2d at 422. Accordingly, Plaintiff is hereby granted leave to file a second amended complaint against Blosada and Maersk Nigeria *only if* he can allege, in good faith, facts sufficient to show that the Court can exercise either general or specific personal jurisdiction over these defendants. **Plaintiff is explicitly warned that, if he does not sufficiently demonstrate in his second amended complaint that jurisdiction over these defendants is proper, he will be immediately ordered to show cause why the case should not dismissed *with prejudice* with respect to these defendants.**

## CONCLUSION

IT IS HEREBY ORDERED THAT defendants Maersk, Inc. and Maersk Lines, Ltd.'s Motion to Dismiss [Docket No. 27] is GRANTED IN PART AND DENIED IN PART. The Motion to Dismiss is DENIED with respect to Plaintiff's first cause of action. However, the Motion is GRANTED with respect to Plaintiff's second cause of action, which is hereby DISMISSED WITH PREJUDICE. The Motion is also GRANTED with respect to Plaintiff's third cause of action, which is hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED THAT defendants Blosada and Maersk Nigeria, Ltd. are DISMISSED from this lawsuit WITHOUT PREJUDICE. Plaintiff is hereby granted leave to file a second amended complaint **by no later than thirty (30) days from the date of this Order**. Plaintiff may name Blosada and Maersk Nigeria, Ltd. in his second amended complaint **so long as Plaintiff can sufficiently demonstrate that this Court has a basis to assert personal jurisdiction over those defendants**. Plaintiff is expressly warned that, if he fails to plead facts sufficient to establish personal jurisdiction, **the Court will issue an order to show cause and Plaintiff will be directed to appear before the Court and will be required to produce specific evidence demonstrating that jurisdiction is proper**. The Court further reminds Plaintiff that, once a second amended complaint is filed, it will

supercede the prior complaints. The second amended complaint must be self-contained and cannot refer to, or incorporate by reference, any part of the initial Complaint or the Amended Complaint. Additionally, Plaintiff is expressly warned that, if his second amended complaint fails to rectify the deficiencies identified in this Order, it shall constitute sufficient grounds to support a finding that further leave to amend would be futile. <u>If Plaintiff elects not to file a second amended complaint, the Amended Complaint will remain the operative complaint, and Plaintiff will be allowed to proceed on his first cause of action against defendants Maersk, Inc. and Maersk Lines, Ltd. ONLY.</u>

IT IS FURTHER ORDERED THAT the Case Management Conference currently scheduled for January 24, 2006 at 1:00 p.m. is VACATED. The parties shall appear for a telephonic Case Management Conference on **Wednesday, March 8, 2006 at 2:30 p.m.** The parties shall **meet and confer** prior to the conference and shall prepare a **joint** Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference. Counsel for defendants shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: January 24, 2006

SAUNDRA BROWN ARMSTRONG
United States District Judge